IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DENNIS CHAN LAI,**<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**PAUL COPENHAVER, Warden,**<br><br>　　　　　　　　　　Respondent. | Case No. 1:14-cv-01705 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER**<br><br>**(Doc. 1)** |

　　　　Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　Petitioner filed the instant habeas petition in this Court on October 31, 2014. He is currently incarcerated at United States Penitentiary Atwater. Petitioner was indicted by a federal grand jury in San Francisco in a 40-count indictment charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), conspiracy in violation of 21 U.S.C. § 846, engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3), and possession of illegal weapons in violation of 26 U.S.C. § 5861(d) and (i). Petitioner was subsequently found guilty by a jury on 38 of the

40 counts and sentenced to life imprisonment, followed consecutively by a 20-year sentence and a 10-year sentence, along with several sentences to be served concurrently. United States v. Lai, 2009 U.S. Dist. LEXIS 1612, *1-2 (N.D. Cal. Jan. 5, 2009). Petitioner claims he entitled to relief in light of the recent Supreme Court decision in Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). (See generally Pet. at 3, ECF No. 1.)

## I.    SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

On January 5, 2009, the United States District Court for the Northern District of California denied Petitioner's motion nunc pro tunc for new judgment. United States v. Chan Lai, 2014 U.S. Dist. LEXIS 113102 (N.D. Cal. Aug. 13, 2014). The court described Petitioner's prior efforts for review of his conviction:

> Mr. Lai was indicted by a federal grand jury on charges of possession with intent to distribute a controlled substance, conspiracy, engaging in a criminal enterprise, interstate travel in aid of racketeering, and possession of illegal weapons. Mr. Lai was convicted by a jury on 38 of the 40 counts on which he was indicted. The Court sentenced him to life imprisonment, followed consecutively by a 20-year sentence and a 10-year sentence, along with several sentences to be served concurrently. ECF No. 738 ("2009 Order") at 1-2.
>
> Mr. Lai appealed his conviction. After remand for an evidentiary hearing, the Ninth Circuit affirmed Mr. Lai's conviction in its entirety. On September 18, 1995, Mr. Lai filed a motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). ECF No. 619. The Court denied his motion. Mr. Lai appealed, and the Ninth Circuit (in an unpublished order) construed his motion as one under 28 U.S.C. Section 2255(a) and denied it. Docket No. 623 ("Lai Appeal"); United States v. Chan Lai, No. 95-10457, 1996 U.S. App. LEXIS 21414, 1996 WL 468598, at *1 (9th Cir. 1996) (unpublished).
>
> While his appeal to the Ninth Circuit was pending, Mr. Lai filed a motion to correct his sentence pursuant to 28 U.S.C. Section 2255. The Court denied that motion as well. On April 28, 1997, Mr. Lai filed another Section 2255 motion. The Court denied that motion on June 24, 1997, finding that Mr. Lai had failed to obtain an order from the Ninth Circuit permitting him to file a successive Section 2255 motion and stating that the motion merely raised the same arguments as the previous Section 2255 motion. On November 25, 1997, Mr. Lai filed another Rule 35 motion to correct his sentence, which the Court also denied. 2009 Order at 2-3.
>
> Between 1997 and 2007, Mr. Lai sought authorization from the Ninth Circuit to file successive Section 2255 motions four times. All four were denied. 2009 Order at 4. On April 13 2007, Mr. Lai filed a motion to vacate his sentence, alleging that he was prejudiced by the characterization of his original Rule 35 motion as a Section 2255 claim; his sentence was illegal under Fiore v. White; prosecutorial misconduct; impermissible use of race as a criterion in jury selection; Fourth Amendment search and seizure violations; and ineffective assistance of counsel. The Court denied that motion, finding that Mr. Lai had failed to seek the required certification from the Ninth Circuit for a successive Section 2255 motion. 2009 Order at 5-8. Mr. Lai appealed the order, but also sought an extension of time to file a motion for reconsideration. The Ninth Circuit affirmed the Court's denial of Mr. Lai's motion, United States v. Lai, 404 F. App'x 181, 182 (9th Cir. 2010), and this Court denied the extension of time. ECF No. 740. Mr. Lai nonetheless filed a motion for reconsideration, which the Court also denied. ECF No. 743.
>
> On October 6, 2011, Mr. Lai filed a motion for a reduction of his

sentence, which the Court construed as a motion seeking reduction of his sentence pursuant to Amendment 750 to the Federal Sentencing Guidelines. The Court denied the motion because Amendment 750 applied to crimes involving crack cocaine, but Mr. Lai was convicted for crimes related to powder cocaine. Additionally, Mr. Lai was not sentenced under the Sentencing Guidelines, so the Amendment did not apply to his sentence. ECF No. 761, at 1-2.

In 2012, Mr. Lai brought a petition in the Eastern District of California for a writ of habeas corpus pursuant to 28 U.S.C. Section 2241. Judge Michael Seng in the Eastern District found that Mr. Lai brought many of the same arguments he had used in his previous challenges to his conviction and sentence in this Court and the Ninth Circuit. Judge Seng found that:

> Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, not an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Lai v. Rios, No. 1:12-CV-00513 MJS, 2012 U.S. Dist. LEXIS 132606, 2012 WL 4092411 at *2 (E.D. Cal. Sept. 17, 2012) reconsideration denied, 1:12-CV-00513 MJS HC, 2013 U.S. Dist. LEXIS 46214, 2013 WL 1326629 (E.D. Cal. Mar. 29, 2013).

On May 13, 2014, shortly before he filed this motion, Mr. Lai again sought authorization from the Ninth Circuit to file a successive Section 2255 motion. The Ninth Circuit denied the authorization. Lai v. United States, No. 14-71376 (9th Cir. July 3, 2014).

United States v. Chan Lai, 2014 U.S. Dist. LEXIS 113102, 1-4 (N.D. Cal. Aug. 13, 2014).

The Northern District of California denied the motion nunc pro tunc for new judgment on August 13, 2014. Id. Several months later, Petitioner filed the instant motion, which is the second Section 2241 petition brought challenging his conviction.

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed § 2255 motions and they have been denied. Under the AEDPA, a prisoner may not bring a second or successive Section 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1)

newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner fails to meet either of these requirements. United States v. Chan Lai, 404 Fed. Appx. 181, 182 (9th Cir. 2010); Lai v. United States, No. 17-71376 (9th Cir. May 13, 2014).

Nevertheless, Petitioner's inability to meet the statutory requirements for filing a successive Section 2255 motion does not automatically render the remedy under Section 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a Section 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to Section 2241 rather than Section 2255, and that the AEDPA required dismissal of petitioner's successive Section 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claim via a habeas petition pursuant to Section 2241 because a panel of the court of appeals would refuse to certify a second or successive motion under Section 2255, Petitioner's argument fails. Section 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of [Section] 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of [Section] 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as previously stated, the remedy under Section 2255 usually will not be deemed inadequate or ineffective merely because a previous Section 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); see also United States v. Valdez-Pacheco, 237 F.3d 1077

(9th Cir. 2001) (procedural limits on filing second or successive Section 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that Section 2255 remedy was ineffective because he was denied permission to file a successive Section 2255 motion, and stating that dismissal of a subsequent Section 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162-63.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

In this case, Petitioner has not presented a case of factual innocence. Instead, Petitioner argues that his prior crimes that the district court found to be predicate offenses under the Armed Career Criminal Act no longer qualify and he should not have been considered a career offender. (See Pet.) Petitioner's argument that he should not be treated as a career offender is a purely legal claim that has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch. Marrero v. Ives, 682 F.3d

1190, 1193-94 (9th Cir. 2012) (collecting similar holdings from other circuits).

Moreover, even if Petitioner had an unobstructed procedural shot to challenge the finding by the district judge that he was a career offender, his claim would fail. Petitioner argues that Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), demonstrates that he is not a career offender because his prior offenses should not serve as predicate offenses. (See, Pet.) In Descamps, the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." Id. at 2282. Even assuming Descamps assists Petitioner, the Supreme Court has not made its holding retroactive. See Jones v. McGrew, 2014 U.S. Dist. LEXIS 70056, 2014 WL 2002245 at *5 (C.D. Cal. May 15, 2014) ("Petitioner cannot maintain that Descamps effected a material change in the applicable law; the Descamps Court clearly communicated its believe that its ruling in the was "dictated" by existing precedent." (citation omitted); Wilson v. Holland, 2014 U.S. Dist. LEXIS 16277, 2014 WL 517531, *3 (E.D. Ky. Feb. 10, 2014) ("there is no indication in . . . Descamps that the Supreme Court made those holdings retroactive to cases on collateral review"); Groves v. United States, 755 F.3d 588, 2014 WL 2766171, *4 (7th Cir. 2014) ("To date, the Supreme Court has not made Descamps retroactive on collateral review."); Monroe v. United States, 2013 U.S. Dist. LEXIS 168904, 2013 WL 6199955, *2 (N.D. Texas Nov. 26, 2013) (the Court "did not declare that [Descamps] applied retroactively on collateral attack") (collecting cases). Indeed, it is improbable that Descamps announced a new rule of law. According to Descamps, Supreme Court "caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." 133 S. Ct. at 2283. "Under our prior decisions, the inquiry is over." Id. at 2286. Accordingly, Petitioner has not met either prong of the savings clause, and the Court recommends that the petition be dismissed.

### III. RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ

8

of habeas corpus be DISMISSED. Further, the Court ORDERS that the Clerk of Court assign a District Court Judge to the instant matter.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: November 26, 2014 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE